## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LORI SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 07 C 6979 |
| vs. | ) | |
| | ) | Judge Kennelly |
| | ) | |
| SKENDER CONSTRUCTION COMPANY, | ) | Magistrate Geraldine Soat Brown |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, SKENDER CONSTRUCTION COMPANY, by and through its undersigned attorneys, DAVID M. HOLMES and JOANNE CIMINERA, and for its Answer to Plaintiff's Complaint states as follows:

### PRELIMINARY STATEMENT

1.      This is an action seeking redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq and by the laws of the State of Illinois. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

**ANSWER**:     Defendant admits the allegations contained in paragraph 1.

### JURISDICTIONAL STATEMENT

2.      Jurisdiction of the court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. With respect to Plaintiff's state law claims, this Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

**ANSWER:**    Defendant admits the allegations contained in paragraph 2.

3.    Venue is proper under 28 U.S.C. §1391 (b)(l) and (2).

**ANSWER:**    Defendant admits the allegations contained in paragraph 3.

## PARTIES

4.    Plaintiff, LORI SUTTON, is a female United States citizen who resides in Illinois.

**ANSWER:**    Defendant admits the allegations contained in paragraph 4.

5.    Defendant, SKENDER CONSTRUCTION COMPANY, is corporation properly recognized and sanctioned by the laws of the State of Illinois, and at all times did and continues to do business in Illinois. Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C. § 2000e(b), as Defendant has continuously and does now employ more than fifteen (15) employees and is engaged in an industry that affects commerce.

**ANSWER:**    Defendant admits the allegations contained in paragraph 5.

## PROCEDURE

6.    Plaintiff filed a Charge of Discrimination against Defendant with the Equal Opportunity Commission ("EEOC') on October 16, 2007. The EEOC issued Plaintiff a Notice of Right to Sue on her charge of discrimination on December 5, 2007, which was received on December 6, 2007. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

**ANSWER:**    Defendant admits the allegations contained in paragraph 6.

## COUNT I - TITLE VII - SEXUAL HARASSMENT

7.    Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

459180.1                                                2

**ANSWER**:    Defendant incorporates its Answer to paragraphs 1 through 6 above as though fully set forth herein.

8.    Plaintiff began working for Defendant as a Carpenter on May 31, 2004. Throughout her nearly three and a half (3.5) years of employment, Plaintiff has performed to Defendant's reasonable expectations, as evidenced by her excellent performance evaluations and promotion to foreman.

**ANSWER**:    Defendant admits that Plaintiff worked for Defendant as a Carpenter and that throughout her employment with Defendant, Plaintiff has performed to Defendant's reasonable expectations. Further answering, Defendant admits that Plaintiff began working for Defendant on June 1, 2004. Defendant denies the remaining allegations contained in paragraph 8.

9.    Throughout her employment, Plaintiff has been the only female Carpenter consistently employed by Defendant, and on the majority of job assignments she will be the only female Carpenter assigned to the project. Upon Plaintiffs promotion, she became the only female foreman employed by Defendant.

**ANSWER**:    Defendant admits that throughout her employment, Plaintiff has been the only female Carpenter consistently employed by Defendant, and on the majority of job assignments she would be the only female Carpenter assigned to the project. Further answering, Defendant denies the remaining allegations contained in paragraph 9.

10.    Throughout her employment, the predominately male management and employees of Defendant have subjected Plaintiff to a continuous campaign of hostile, abusive, and sexually harassing conduct. Examples of such conduct follow.

**ANSWER**:    Defendant denies the allegations contained in paragraph 10.

11.    In 2005, Defendant's foreman, Dennis Law, who was assigned to supervise Plaintiff, made numerous sexual advances towards Plaintiff, including but not limited to, taking his shirt off

during work in order to ask Plaintiff "if he looked good for his age" and telling Plaintiff that he would get her name tattooed on him to demonstrate his love.

**ANSWER:**    Defendant admits that Dennis Law was a Foreman in 2005 and assigned to supervise Plaintiff. Further answering, Defendant denies the remaining allegations contained in paragraph 11.

12.    Based on Foreman Law's continued harassment, Plaintiff complained to Jim Lowe, Superintendent, of Law's sexually harassing behavior. Despite her complaints, Superintendent Lowe refused to take any action to substantively discipline Law or address Plaintiff's reports.

**ANSWER:**    Defendant denies the allegations contained in paragraph 12.

13.    As Defendant failed to take any action to address her concerns, Foreman Law continued to make sexual advances towards Plaintiff.

**ANSWER:**    Defendant denies the allegations contained in paragraph 13.

14.    In April 2005, Foreman Law presented a letter written by his wife to Plaintiff. The wife's letter, which requested that Plaintiff read it out loud to Foreman Law, informed Plaintiff that Law had told his wife that he was in love with Plaintiff and that he and Plaintiff shared strong sexual feelings towards each other.

**ANSWER:**    Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.    The April 2005 letter from Foreman Law's wife to Plaintiff also included a list of "demands" that Law asked his wife to accept, including but not limited to:

        a.    allowing Law and Plaintiff to take rides on his motorcycle;

        b.    agreeing to have a "three-way" relationship with Plaintiff; and

        c.    allowing Law to add Plaintiff's name to his tattoo that also included the initials of his children.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, including subparagraphs 15a., 15.b and 15.c.

16.    The letter concluded by emphasizing that due to all the pain Plaintiff and Foreman Law had caused his wife, the wife lost "control" and "stab[bed]" Law.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.    Following her receipt of the letter, Plaintiff again complained to Superintendent Lowe, who once again failed to take any substantive action despite being informed of the disturbing, letter sent by Foreman Law's wife.

**ANSWER:**    Defendant denies the allegations contained in paragraph 17.

18.    Despite Plaintiffs complaints, Defendant ultimately promoted Foreman Law to the position of Superintendent.

**ANSWER:**    Defendant admits that Dennis Law was promoted to the position of Superintendent. Further answering, Defendant denies all remaining allegations contained in paragraph 18

19.    In addition to Foreman Law's continued sexual advances, throughout her employment, Dan Murphy, Field Superintendent and one of Plaintiff's managers, also made numerous sexual advances and displayed overtly sexual behavior towards Plaintiff, including but not limited to, asking Plaintiff out on numerous dates despite her repeated denials and lewdly staring at Plaintiff while she was working.

**ANSWER:**    Defendant denies the allegations contained in paragraph 19.

20.    On the occasions that Field Superintendent Murphy asked Plaintiff out on dates, he often implied that he could make Plaintiff's job easier by placing her into an office position, despite the fact that Plaintiff had no desire to leave her job in the field for administrative work.

**ANSWER:**    Defendant denies the allegations contained in paragraph 20.

21.    Comporting with his continued sexual advances, in December 2006, Field Superintendent Murphy approached Plaintiff and offered her a necklace. Plaintiff attempted to refuse the gift, but Field Superintendent Murphy continued coerce Plaintiff, causing her to accept the necklace to avoid escalating the situation. Murphy subsequently gave Plaintiff a Valentine's Day card in 2007 signed "Love Dan."

**ANSWER:**    Defendant admits that in December 2006, Field Superintendent Dan Murphy approached Plaintiff and offered her a necklace. Further answering, Defendant denies the remaining allegations contained in paragraph 21.

22.    Plaintiff attempted to address Murphy's repeated advances and harassing behavior with Eric Munich, a newly appointed Field Superintendent, but Munich indicated he was not interested in hearing such complaints.

**ANSWER:**    Defendant denies the allegations contained in paragraph 22.

23.    As a result of the sexually harassing environment fostered by Defendant's predominately male employees, Plaintiff was forced to endure numerous other extremely graphic and sexually harassing acts by other employees of Defendant.

**ANSWER:**    Defendant denies the allegations contained in paragraph 23.

24.    The aforementioned acts and omissions of Defendant constitute unlawful harassment against Plaintiff because of her sex, female, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

**ANSWER:**    Defendant denies the allegations contained in paragraph 24.

25.    As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

**ANSWER**:    Defendant denies the allegations contained in paragraph 25.

## COUNT II - TITLE VII - GENDER DISCRIMINATIONS

26.    Paragraphs one (1) through nine (9) are incorporated by reference as if fully set out

herein.

**ANSWER**:    Defendant incorporates its answers to paragraphs 1 through 9 of its Answer as though fully set forth herein.

27.    In September 2006, following a successful tenure as a Carpenter, Defendant promoted Plaintiff to the position of foreman.

**ANSWER**:    Defendant denies the allegations contained in paragraph 27.

28.    As part of the promotion, Defendant compensated Plaintiff at $1.00 over scale and

gave Plaintiff a phone to use for work.

**ANSWER**:    Defendant admits that in September 2006, Plaintiff was paid $1.00 over scale and that Plaintiff was given a phone to use for work.   Further answering, Defendant denies the remaining allegations contained in paragraph 28.

29.    In contrast to Plaintiff, who performed the same duties and had the same

responsibilities, Defendant compensated its male foreman significantly higher than Plaintiff, despite

the fact that, in many instances, Plaintiff received additional work and performed additional duties

at the request of Defendant's clients that her male counterparts did not receive or perform.

**ANSWER**:    Defendant denies the allegations contained in paragraph 29.

30.    While Plaintiff was only compensated at $1.00 over scale, Defendant compensated

male foreman at $3.00 over scale and provided other benefits, such as a $300/month stipend for gas

and transportation expenses. On information and belief, the following male foreman received higher

compensation than Plaintiff: Sam Miskiewicz. Phil Manno, Dennis Law, Dan Murphy, Frank Arnold, Pete Andre and Steve Thorne.

**ANSWER**:   Defendant admits that in September 2006, Plaintiff was paid $1.00 over scale. Further answering, Defendant denies that Plaintiff was ever promoted to the position of foreman while employed with Defendant.  Upon information and belief, the following individuals, while employed with Defendant, at one time held the position of foreman and received foreman compensation and benefits: Sam Miskiewicz, Phil Manno, Dennis Law, Dan Murphy, Frank Arnold, Pete Andre and Steve Thorne.

31.    In December 2006, after learning of the disparate treatment, Plaintiff made an initial complaint to Dan Murphy, Field Superintendent and Plaintiff's supervisor, and asked him why she did not make the same salary as Defendant's male foremen. In response, Murphy stated that he would investigate her complaint. Plaintiff repeated her complaint to Murphy on several subsequent occasions to no avail. On information and belief, Murphy did not investigate Plaintiff's complaint and took no action to rectify the unequal compensation.

**ANSWER**:   Defendant admits that Plaintiff, at some point, inquired as to why she was not receiving the same salary as a foreman.   Further answering, Defendant denies all remaining allegations contained in paragraph 31.

32.    After not receiving any substantive action regarding her complaints, in August 2007 Plaintiff informed Mr. Murphy, now demoted to Foreman, that she intended to make a complaint to Eric Munich, the new Field Superintendent.  In response, Mr. Murphy attempted to dissuade Plaintiff from contacting Field Superintendent Munich by stating "I wouldn't do that if I were you. He is firing people left and right."

**ANSWER:**   Defendant admits that Dan Murphy was demoted to Foreman in August 2007. Further answering, Defendant denies that Eric Muchnik was the new Field Superintendent in

459180.1                                          8

August 2007. Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32.

33.    Despite Mr. Murphy's objections, on the following day, Plaintiff made a complaint to Field Superintendent Munich about the disparate treatment. Rather than address her complaints, Munich laughed off Plaintiff's reports and gave no further response.

**ANSWER:**    Defendant admits that Plaintiff at one point inquired as to whether or not she should receive the salary of a foreman.  Further answering, Defendant denies the remaining allegations contained in paragraph 33.

34.    As Defendant continued to refuse to address Plaintiff's complaints, at the end of August 2007, Plaintiff continued to make reports to higher levels in Defendant's organization and contacted Jerry Ball, Chief Financial Officer, to make a complaint about her unequal pay.

**ANSWER:**    Defendant admits that Plaintiff contacted Jerry Ball, Chief Financial Officer in August 2007.  Further answering, Defendant admits that Plaintiff contacted Jerry Ball, Chief Financial Officer in August 2007 after the project she had been working on had ended, to inquire as to whether she should have received Foreman's wages.  Defendant denies the remaining allegations contained in paragraph 34.

35.    Plaintiff informed CFO Ball that she had made formal complaints to her supervisors, who failed to rectify her lesser compensation in comparison to her similarly situated male co-workers. In response, CFO Ball acknowledged that he knew Defendant had compensated her less than male employees, commended Plaintiff for her excellent work, and reassured Plaintiff that he would resolve the disparate treatment.

**ANSWER:**    Defendant denies the allegations contained in paragraph 35.

36.    After her conversation with CFO Ball, Plaintiff continued to complain to Field Superintendent Munich about the unequal pay.

**ANSWER**:   Defendant admits that Plaintiff inquired as to whether she should have received Foreman's wages to Eric Muchnik, Carpentry Manager. Further answering, Defendant denies the remaining allegations contained in paragraph 36.

37.    Finally, in September 2007, in response to Plaintiff's complaints, Defendant provided Plaintiff with a check for $1,000.00, purportedly to resolve her complaints of disparate treatment. However, the amount of the check was still substantially insufficient to compensate Plaintiff at the level Defendant paid its male foreman.

**ANSWER**:   Defendant admits that in September 2007, Plaintiff was provided with a check in the amount of $1,050.00. Further answering, Defendant denies the remaining allegations contained in paragraph 37.

38.    As the check still compensated Plaintiff lower than her similarly situated male counterparts, Plaintiff again complained to Field Superintendent Munich regarding the amount of the payment. In response, Munich informed Plaintiff that he had discussed the issue with Joe Skender, President, who had gave the order to "give her something."

**ANSWER**:   Defendant denies the allegations contained in paragraph 38.

39.    Plaintiff further complained to Lisa Krizic, Human Resources Manager, regarding the amount of the check and Defendant's continued failure to compensate her at the level provided to male foremen, to no avail.

**ANSWER**:   Defendant admits that Plaintiff contacted Lisa Krizic, Human Resources Manager, to inquire how the $1,050.00 amount was calculated. Further answering, Defendant denies the remaining allegations contained in paragraph 39.

40.    Any reasons proffered by Defendant for failing to properly compensate Plaintiff are pretext for discrimination, as demonstrated by, inter alia, Plaintiff's performance evaluations and requests by Defendant's clients for Plaintiff to be the foreman on their projects.

**ANSWER**:    Defendant denies the allegations contained in paragraph 40.

41.    The aforementioned acts and omissions of Defendant constitute unlawful

discrimination against Plaintiff because of her gender, female, in violation of the provisions of Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

**ANSWER**:    Defendant denies the allegations contained in paragraph 41.

42.    As a direct and proximate result of the above alleged willful and reckless acts or

omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and

foregone wages and benefits, and physical and emotional harm.

**ANSWER**:    Defendant denies the allegations contained in paragraph 42.

### COUNT III-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43.    Paragraphs one (1) through twenty-three (23) are incorporated by reference as if

fully set out herein.

**ANSWER**:    Defendant incorporates its answers to paragraphs 1 through 23 above as though fully

set forth herein.

44.    Plaintiff seeks respondeat superior liability against Defendant for the tortious

conduct of management employees Dennis Law, Foreman, and Dan Murphy, Field Superintendent,

as the alter egos of Defendant.

**ANSWER**:    Defendant denies the allegations contained in paragraph 44

45.    Foreman Law and Field Superintendent Murphy have engaged in extreme and

outrageous conduct in subjecting Plaintiff to an overt, unbridled, and malicious course of conduct

designed to psychologically and emotionally abuse Plaintiff. Examples of such conduct have been

detailed in the preceding paragraphs.

459180.1                                    11

**ANSWER**:    Defendant denies the allegations contained in paragraph 45.

46.    Defendant, acting by and through their management employees, Foreman Law and Field Superintendent Murphy, intended to cause Plaintiff severe emotional distress, or knew that there was a high probability that Plaintiff would suffer such distress, when they subjected Plaintiff to a course of conduct designed to psychologically and emotionally abuse Plaintiff.

**ANSWER**:    Defendant denies the allegations contained in paragraph 46.

47.    In their positions with Defendant, Foreman Law and Field Superintendent Murphy exercised a substantial degree of control over Plaintiff's terms and conditions of employment and abused their authority over Plaintiff by subjecting her to outrageous conduct.

**ANSWER:**    Defendant denies the allegations contained in paragraph 47.

48.    Plaintiff has suffered and continues to suffer extreme emotional distress as a direct and proximate result of Defendant's extreme and outrageous conduct.

**ANSWER:**    Defendant denies the allegations contained in paragraph 48.

49.    Defendant, acting by and through their management employees, Foreman Law and Field Superintendent Murphy, intentionally subjected Plaintiff to egregious and abusive treatment which Defendant knew would cause Plaintiff to suffer severe emotional distress.

**ANSWER:**    Defendant denies the allegations contained in paragraph 49.

50.    Plaintiff continues to suffer the severe emotional and psychological trauma inflicted upon her by Defendant and continues to struggle with the effects of Defendant's extreme and outrageous conduct.

**ANSWER**:     Defendant denies the allegations contained in paragraph 50.

51.     The aforementioned acts and omissions of Defendant constitutes intentional infliction of emotional distress, in violation of the laws of the State of Illinois.[1]

**ANSWER**:     Defendant denies the allegations contained in paragraph 51.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim upon which relief may be granted.

2.     Plaintiff has failed to mitigate her damages.

3.     To the extent Plaintiff has failed to mitigate her damages, her claim for damages is barred.

4.     Plaintiff has failed to pursue/exhaust applicable administrate remedies with respect to all or part of her claim.

5.     Plaintiff's claims do not support an award of compensatory damages.

6.     Defendant acted reasonably at all times to prevent and correct any allegedly unlawful and/or prohibited conduct of its employees.

7.     Plaintiff acted unreasonably and failed to take advantage of any preventative or corrective opportunities provided by Defendant to avoid harm or otherwise.

8.     Plaintiff failed to make any complaints of sexual harassment pursuant to the Defendant's policies and procedures.

---

[1] Despite the similar facts alleged in previous counts of his Complaint, Plaintiff's claim for intentional infliction of emotional distress will not be subject to preemption by the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/8-111(c), as Count II may be proven independent of the legal duties furnished by the IHRA. See Naeem v. McKesson Drug Co., 444 F 3d 593, 604 (7th Cir. 2006).

9.    Any employment decision made by Defendant concerning or affecting Plaintiff was based on reasonable factors other than Plaintiff's sex.

10.    Plaintiff cannot show that the conduct would not have occurred by for her sex.

11.    If Defendant was found to have impermissibly considered Plaintiff's sex in any employment decision affecting Plaintiff, Defendant would have made the same employment decision even if Plaintiff's sex had not been taken in to account.

12.    Plaintiff cannot prove that Defendant's actions were willful, wanton, malicious or a disregard of her rights; accordingly, Plaintiff's demand for punitive damages should be stricken.

13.    Plaintiff has not suffered any damages as a result of the actions complained of in this lawsuit.

14.    Plaintiff may not recover punitive damages because any alleged discriminatory acts by managerial employees are contrary to the good faith efforts of complying with Title VII.

WHEREFORE, Defendant, SKENDER CONSTRUCTION COMPANY, prays that Plaintiff's Complaint be dismissed in its entirety with prejudice and that Defendant be awarded its full costs and attorneys' fees in defending this lawsuit, as well as such other and further relief as this Court shall deem just and proper.

## JURY DEMAND

Defendant hereby demands a trial by jury.

WHEREFORE, Defendant, SKENDER CONSTRUCTION COMPANY, prays that Plaintiff, LORI SUTTON, take nothing by her Complaint and that she be assessed the costs of litigation.

459180.1                                      14

Respectfully submitted,

**SKENDER CONSTRUCTION COMPANY**

By: *s/Joanne Ciminera*
    One of its attorneys

David M. Holmes
Joanne Ciminera
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
120 North LaSalle Street, Suite 2600
Chicago, IL 60602
(312) 704-0550
Email: david.holmes@wilsonelser.com
       joanne.ciminera@wilsonelser.com

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of the foregoing was electronically served this 24th day of January, 2008, to the following:

Lisa R. Kane
Darren A. Bodner
Janice A. Wegner
Michael S. Young
Lisa Kane & Associates, P.C.
120 S. LaSalle Street, Suite 1420
Chicago, IL 60603
lisakane@sbcglobal.net

Parties may access this filing through the Court's system.

_s/Joanne Ciminera_

459180.1                                    16